## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALEXANDER HERNANDEZ,

      Plaintiff,

v.                            Case No.:

FANATICS RETAIL GROUP
FULFILLMENT LLC, d/b/a
FANATICS TAMPA OFFICE,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, FANATICS RETAIL GROUP FULFILLMENT LLC (hereinafter "Defendant"), by and through its undersigned counsel, hereby amends its notice of removal of the case styled *Alexander Hernandez v. Fanatics Retail Group Fulfillment LLC,* Case No. 25-CA-011463, currently pending in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida (the "State Court Action"), to the United States District Court for the Middle District of Florida, Tampa Division. As grounds, Defendant states as follows:

1.     On or about November 12, 2025, Alexander Hernandez ("Plaintiff") filed his Complaint with the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, initiating the State Court Action.

2.      Defendant was served with the Complaint on January 7, 2026.

3.      Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within thirty days after receipt of a copy of Plaintiff's initial pleading.

4.      Pursuant to 28 U.S.C. § 1446(b), a true and legible copy of the Complaint and all processes, pleadings, motions, and orders on file with the State Court Action.  *See* **Complaint attached and Exhibit A.**

5.      Removal to this Court is proper under 28 U.S.C. § 1446(a) because the United States District Court for the Middle District of Florida, Tampa Division, is the district and division within which the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, is located.

6.      Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the filing of this Notice of Removal to Plaintiff and has filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. *See* **Exhibit B.**

## I.      DIVERSITY OF CITIZENSHIP EXISTS

7.      Pursuant to 28 U.S.C. § 1332 and 1441, this action may be removed to this Court because it is a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, the facts supporting diversity jurisdiction are set forth below.

## A.    Plaintiff Is a Citizen of Florida.

8.    For an individual, "[c]itizenship is equivalent to 'domicile' . . . [which is] the place of [her] true, fixed, and permanent home and principal establishment, and to which she has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation omitted). "A person's domicile is determined by a review of the 'totality of the evidence'. . ." *Comprehensive Care Corp v. Katzman*, No. 8:09-cv-1375, 2009 WL 3157634, at * 2 (M.D. Fla. 2009) (citing *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349 (M.D. Fla. 2001)). Evidence that may be factored into a court's consideration includes affidavits and other testimony, driver's license, tax returns, banking statements, voter registration, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious, recreational and business organizations, location of real property, and place of employment. *See e.g., Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005); *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998); *Smyth v. Hillstone Rest. Group, Inc.*, No. 13-80217, 2013 WL 2048188, at *2 (S.D. Fla. 2013).

9.    Here, given the totality of the evidence, there can be no doubt that Plaintiff is, and was at the time of filing the Complaint and at the time of this removal is a citizen of the State of Florida. According to the allegations in the Complaint,

3

Plaintiff is a resident of the state of Florida, County of Hillsborough. *See* Compl. ¶ 3. As a resident of Florida, Plaintiff is domiciled in and, therefore, a citizen of the state of Florida. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (holding that an assertion of permanent residency sufficiently alleges domicile). Accordingly, Plaintiff, at the time this action was commenced, was and still is a citizen of the State of Florida for purposes of this removal.

**B.      Defendant Is Not a Citizen of Florida.**

10.      Complete diversity of citizenship exists because Defendant is not a citizen of the state of Florida within the meaning of 28 U.S.C. § 1332(c)(1).

11.      "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *McKesson Corp. v. Benzer Oh 7 LLC*, No. 8:25-cv-1398-WFJ-NHA, 2025 WL 370868 (M.D. Fla. Feb. 3, 2025).

12.      Pursuant to 28 U.S.C. § 1332(c), to determine diversity of citizenship, a corporation is deemed a citizen of the State where it is incorporated and where it has its principal place of business. *See Mesi v. First Liberty Insur. Corp.*, 2012 WL 12910616, at *2 (M.D. Fla. Oct. 1, 2012) (citing 28 U.S.C. § 1332(c)). According to the United States Supreme Court's test, set forth in *Hertz Corp. v. Friend*, 559 U.S. 77; 130 S. Ct. 1181 (2010), a corporation's principal place of business is where a corporation's officers direct, control, and coordinate the corporation's

4

activities, sometimes referred to as the corporation's "nerve center." *See Wylie v. Red Bull North America, Inc.*, 627 Fed. Appx. 755, 757-758 (11th Cir. 2015) (citing *Hertz Corp.*, 559 U.S. at 92-93 (2010); *Gordon v. Northwestern Mutual Life Insur. Co.*, 2017 WL 3279160, at *1 (M.D. Fla. Apr. 18, 2017) (same). In practice, the "nerve center" is normally where the corporation maintains its headquarters.

13.    Defendant is a limited liability corporation, whose sole member is Fanatics Retail Group South, LLC. Fanatics Retail Group South's sole member is Fanatics, LLC. Fanatics, LLC's sole member is Fanatics Commerce Intermediate Holdco, LLC. Fanatics Commerce Intermediate Holdco, LLC's sole member is Fanatics Commerce Holdco, Inc., a corporation incorporated in the State of Delaware, and its principal place of business is located at 95 Morton Street, New York, New York, 10014. *See* **Exhibit C**, Declaration of Scott Walsh, ¶ 6. Therefore, Defendant is not a citizen of the state of Florida. Diversity, thus, exists under 28 U.S.C. § 1332, as the Plaintiff and Defendant are citizens of different states.

## II.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14.    Here, Plaintiff alleges damages in excess of five hundred thousand dollars ($500,000.00), exclusive of fees, interest and costs. *See* Compl., ¶ 1. Plaintiff's alleged damages include compensatory damages for emotional distress, embarrassment and humiliation; reinstatement; fringe benefits; lost wages,

benefits, front pay and back pay; prejudgment interest; costs and fees. *See* Compl., ¶ 1. This Complaint on its face demonstrates the amount in controversy exceeds the jurisdictional threshold of $75,000.

15.    Further, it is clear that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Vasquez v. Cyprus Amax Mins. Co.*, 2018 WL 6807378, at *1-2 (S.D. Fla. Sept. 18, 2018) ("a removing defendant must prove that the amount in controversy 'more likely than not' exceeds $75,000" (citing *Morock v. Chautauqua Airlines, Inc.*, 2007 WL 1725232, at *2 (M.D. Fla. June 14, 2007)). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014); *see also Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010) (holding a removing defendant "is not required to prove the amount in controversy beyond all reasonable doubt or to banish all uncertainty about it").

16.    The "[C]ourt can look to the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed." *Leon v. First Liberty Ins., Corp.*, 903 F. Supp. 2d 1319, 1321 (M.D. Fla. Nov. 6, 2012) (internal citations and quotations omitted). "This evidence may include the removing defendant's own affidavit, declaration, or other documentation." *Id.*

Moreover, the Court is permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770

17.    Plaintiff's allegations arise out of his employment with Defendant. Specifically, the Complaint alleges Defendant violated the FCRA. Under this statute, an individual can potentially recover compensatory damages, lost wages, and reasonable attorney's fees. Fla. Stat. § 760.01. Accordingly, Plaintiff seeks back pay, front pay, compensatory damages, attorneys' fees, and other relief the Court deems just and equitable. *See* Compl., ¶ 56, ¶ 63 ¶ 74 and ensuing "wherefore" clauses.

18.    Back pay and front pay are part of the amount in controversy. *Penalver v. Northern Electric, Inc.*, No. 12-80188, 2012 WL 1317621, *2 (S.D. Fla. April 17, 2012). Back pay is calculated from the date of the adverse action to the anticipated trial date. *Id. See also Deel v. Metromedia Rest. Servs., Inc.*, No. 3:05-cv-120/MCR, 2006 WL 481667, *3 (N.D. Fla. Feb. 27, 2006); *Jiles v. United Parcel Serv., Inc.*, No. 3:07–cv–1115–J–25MCR, 2008 WL 11336707, at *3 (M.D. Fla. Jan. 10, 2008) ("the Court should calculate back pay from the date of termination until, at a minimum, the proposed trial date.").

19. As to back pay, based on compensation records, Plaintiff earned $41,000.00 annually at the time of his termination in 2024. *See* **Exhibit C**, ¶ 9. Plaintiff's termination became effective on April 16, 2024. *See* **Exhibit C**, ¶ 10. To date, Plaintiff's alleged lost wages total approximately $80,619.38. Single plaintiff discrimination cases ordinarily take approximately two (2) years from the date of filing to reach trial. Thus, Plaintiff's alleged back pay at the time of trial would approximate $170,774.38.

20. As to front pay, courts have found that one year of front pay is a reasonable assumption in calculating the amount in controversy. *Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141-J-32-HTS, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (finding one year of front pay to be a reasonable estimate of the amount in controversy in an FCRA case). Here, one year of front pay is $45,077.50.

21. Accordingly, Plaintiff's claims for back pay and front pay exceed $215,851.88 well in excess of the statutory minimum necessary to support removal on diversity grounds.

8. The jurisdictional threshold is further exceeded if the Court considers Plaintiff's claims for compensatory damages. *See Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 WL 3417656, at *13 (M.D. Fla. July 14, 2014) (noting that the Eleventh Circuit encourages district courts to use "judicial experience and

common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached"). Even garden variety compensatory damages can exceed six-figures. *Jeremy Ellis v. Chad Chronister in his official capacity as Sheriff of Hillsborough County, Defendant.*, No. 8:22-cv-2508-KKM-CPT, 2025 WL 2390922, at \*6-7 (M.D. Fla. Aug. 18, 2025) (upholding $125,000 in garden variety compensatory damages post-verdict).

9.    Finally, the Court can consider the Plaintiff's demand for attorneys' fees where, as here, the statute provides for an award of reasonable attorneys' fees to the prevailing party. *Rodgers v. Matthiesen, Wickert & Lehrer, S.C. Corp.*, No. 3:25-cv-549-MMH-SJH, 2025 WL 1692714, at \*3 (M.D. Fla. June 17, 2025). The amount considered should include the amount incurred at the time of removal. *Id*. The Court can assume Plaintiff performed some factual investigation prior to filing.

22.    Thus, given the potential back and front pay wages, as well as attorneys' fees and compensatory damages, the amount in controversy well exceeds $75,000.00.

### III.    CONCLUSION

Taken together, diversity exists. Regarding citizenship, the Plaintiff is a citizen of Florida, while the Defendant is a citizen of New York and Delaware. Further, the amount in controversy exceeds $75,000. Therefore, diversity jurisdiction exists.

**WHEREFORE,** Defendant, FANATICS RETAIL GROUP FULFILLMENT LLC, respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove *Alexander Hernandez v. Fanatics Retail Group Fulfillment LLC,* Case No. 25-CA-011463, currently pending in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

DATED: January 27, 2026

Respectfully submitted,

*/s/ Jennifer Monrose Moore*
Jennifer Monrose Moore
Florida Bar No.: 035602
jennifer.moore@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530
*Attorneys for Defendant*

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 27, 2026, the foregoing has been filed

with the Clerk of Court via the CM/ECF and a true and correct copy will be served

via U.S. First Class Mail and e-mail upon:

Jason S. Remer, Esq.
Remer, Georges-Pierre, & Hoogerwoerd, PLLC
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134
jremer@rgph.law
*Attorneys for Plaintiff*


*/s/ Jennifer Monrose Moore*
Attorney

11