IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

ALEXANDER HERNANDEZ

    Plaintiff,

vs.                                                Case No.:

FANATICS RETAIL GROUP FULFILLMENT LLC d/b/a
FANATICS TAMPA OFFICE

    Defendant.
_____/

## COMPLAINT

Plaintiff, ALEXANDER HERNANDEZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, FANATICS RETAIL GROUP FULFILLMENT LLC d/b/a FANATICS TAMPA OFFICE ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Five Hundred Thousand Dollars ($500,000.00), exclusive of attorneys' fees, interest, and costs; and therefore, this action is within the jurisdiction of this Court. This action is brought by the Plaintiff for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statute Section 760, et seq. (FCRA"), to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of National Origin, Age, Retaliation and Hostile Work Environment.

2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.

1

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Hillsborough County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Plaintiff was employed by Defendant, having a place of business in Hillsborough County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Hillsborough County, Florida because all of the actions that form the basis of this Complaint occurred within Hillsborough County, Florida and payment was due in Hillsborough County, Florida.

6. Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice of Right to Sue. Plaintiff is now timely filing suit.

2

10. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff was employed by Defendant, on or about April 1, 2024, as a Material Handler.

13. Plaintiff is a 53-year-old Hispanic male of Cuban descent.

14. Plaintiff was discriminated against and retaliated against by Defendant based on Plaintiff's national origin and age.

15. Plaintiff was a dedicated employee with no prior written warnings or performance issues.

16. Plaintiff consistently maintained good relationships with colleagues and was known as a hard worker.

17. A co-worker, also a Hispanic male of Cuban descent, accused Plaintiff and other co-workers of bullying him.

18. Plaintiff vehemently denies these allegations and affirms that he never engaged in any bullying behavior.

19. The co-worker who made the accusation later stated that he did not want anyone to be fired as a result of the incident.

20. To Plaintiff's knowledge, the co-worker who made the accusation remains employed by the company.

21. After the accusation was made, a female Human Resources representative of Puerto Rican descent informed Plaintiff that an investigation would be conducted.

22. Plaintiff was placed on a one-week suspension pending the outcome of the investigation.

3

23. At the conclusion of the suspension, Plaintiff was informed that he was being terminated.

24. Plaintiff was terminated without any prior warning or formal documentation regarding his performance.

25. Plaintiff was never given an opportunity to respond to the allegations or present his side of the story prior to his termination.

26. Plaintiff believes his termination was wrongful and may have been based on his age and/or national origin.

27. Plaintiff further believes that he was subjected to discriminatory treatment and retaliation, as he was not afforded the opportunity to defend himself or receive progressive discipline.

28. The co-worker who made the accusation, who shares Plaintiff's Cuban national origin, was not terminated, raising concerns about inconsistent treatment and selective enforcement of company policy.

29. Plaintiff's termination appears to be inconsistent with the company's treatment of other employees in similar situations.

30. Plaintiff believes he was unfairly singled out and subjected to discriminatory and retaliatory conduct by Defendant.

31. Throughout Plaintiff employment he was able to perform the essential functions of his job duties and responsibilities, and at all relevant times Plaintiff did perform his job at satisfactory or above-satisfactory level.

32. Any reason proffered by Plaintiff employer for the adverse employment actions is mere pretext for unlawful discrimination.

33. Plaintiff has retained the undersigned counsel so that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Discrimination Based on Age in Violation of the FCRA*

34. Plaintiff re-adopts and incorporates paragraphs 1-33 of this Complaint as if set out in full herein.

35. Plaintiff is a member of a protected class under the FCRA, to with Plaintiff is over forty (40) years of age.

36. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

37. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

38. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

39. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

40. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

5

41. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

42. Defendant's basis for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to justify the discriminatory nature of their conduct.

43. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

44. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

45. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

    **WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

    A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate full fringe benefits and seniority rights to Plaintiff.

E. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

F. For a money judgment representing prejudgment interest.

G. Grant Plaintiff's costs of this action including reasonable attorney's fees.

H. Grant Plaintiff a trial by jury; and

I. Grant such other and further relief as the Court deems just and proper.

## COUNT II
*Discrimination Based on* **National Origin** *in Violation of the FCRA*

46. Plaintiff re-adopts and incorporates paragraphs 1 through 33 of this complaint as if set out in full herein.

47. At all times material hereto, Defendants failed to comply with the Florida Civil Rights Act of 1992 Florida Status Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

48. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

7

49. Plaintiff is a member of a protected class under the FCRA.

50. By the conduct described above, Defendants has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected Plaintiff to national origin-based animosity.

51. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's national origin is Cuban.

52. Defendants violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his national origin in the terms, conditions, and privileges of employment.

53. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

54. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

55. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

56. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

57. Moreover, as a further result of the Defendants unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action, and he has incurred the costs of litigation.

58. The representatives, and the Defendants' failure to make prompt remedial action to conduct of Defendants, by and through the conduct of its agents, employees, and/or prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

59. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to State law, to punish the Defendants for its actions and to deter them, and others, from such action in the future.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of the FCRA*

61. Plaintiff re-adopts and incorporates paragraphs 1-33 of this complaint as if set out in full herein.

62. Defendant is an employer as that term is used under the applicable statutes referenced above.

63. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

64. The foregoing unlawful acts by Defendant were purposeful.

65. Plaintiff is a member of a protected class because he engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity, Plaintiff's complaints with Defendant, and the adverse employment action taken thereafter.

66. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

67. These damages are continuing and are permanent.

10

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

### COUNT IV
*Hostile Work Environment in Violation of the FCRA*

68. Plaintiff re-adopts and incorporates paragraphs 1-33 of this complaint as if set out in full herein.

11

69. Defendant is an employer as that term is used under the applicable statutes referenced above.

70. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting him under the FCRA.

71. Plaintiff as a Hispanic male of Cuban descent over the age of 40, is within a protected class as envisioned by the FCRA.

72. During his employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

73. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a Hispanic male of Cuban descent over the age of 40, is within a protected class as envisioned by the FCRA.

74. The harassment was decidedly severe, as Defendant had continuously harassed Plaintiff for his race, color and national origin.

75. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going to work as he continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as he could not complete his duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately terminated.

76. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

77. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

78. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

    J.   Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: <u>November 12, 2025</u>                          Respectfully submitted,

                                                          <u>/s/Jason S. Remer</u>
                                                          **Jason S. Remer, Esq.**
                                                          Florida Bar No.: 165580
                                                          jremer@rgph.law
                                                          **REMER & GEORGES-PIERRE &**
                                                          **HOOGERWOERD, PLLC**
                                                          2745 Ponce de Leon Blvd.
                                                          Coral Gables, FL 33134.
                                                         Telephone: (305) 416-5000
                                                         Facsimile: (305) 416-5005